## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RUBEN HERNANDEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CV-0014-CVE-FHM** |
| | ) | |
| **STATE FARM AUTOMOBILE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Leave to Amend Complaint (Dkt. # 28). Plaintiff seeks to bring a claim under Tex. Civ. Prac. & Rem. Code § 37 for declaratory judgment. Dkt. # 28, at 1. Defendant objects to plaintiff's motion on the grounds that it is untimely and would result in undue prejudice to the defendant. Dkt. # 30, at 1.

## I.

On October 20, 2013, plaintiff was involved in a motor vehicle accident in Mayes County, Oklahoma. Dkt. # 2-1, at 1. At the time of the collision, plaintiff had been issued an uninsured/underinsured motorist policy by the defendant. Id. Plaintiff filed a claim for underinsured motorist policy coverage benefits for damages sustained in the accident. Id. On December 4, 2015, plaintiff filed a petition in the District Court of Mayes County, Oklahoma alleging that defendant failed to pay all the coverage benefits to which plaintiff is due, that defendant unreasonably breached its duty to deal fairly and in good faith with plaintiff, and that defendant violated Okla. Stat. tit. 36, § 6092. Id. at 1-2. On January 7, 2016, defendant removed the case to this Court. Dkt. # 2. On February 18, 2016 the Court entered a scheduling order, setting February 26, 2016 as the deadline

for amendment to the complaint. Dkt. # 19. On August 25, 2016, the Court granted plaintiff's unopposed motion (Dkt. # 23) to extend the remaining deadlines in the scheduling order by sixty days. Dkt. # 24. On October 17, 2016, plaintiff filed a motion for leave to amend his complaint to add a claim under Tex. Civ. Prac. & Rem. Code § 37 for declaratory judgment. Dkt. # 28.

## II.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kan. Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999). However, the court may deny a motion to amend if it finds any "apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

When a party seeks leave to amend after expiration of a scheduling order deadline, the moving party must show good cause pursuant to Federal Rule of Civil Procedure 16(b)(4) for seeking leave to amend outside of the deadline established in the Court's scheduling order, in addition to the Rule 15(a) standard for allowing a party to amend a pleading. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). "In practice, this standard requires the movant to show the 'scheduling order deadlines cannot be met despite [the movant's] diligent efforts.'" Id. at 1240 (quoting Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D.

Colo. 2001)). The good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." Id. at 1240.

### III.

Plaintiff's counsel asserts that they only recently determined that a declaratory judgment claim could be brought, and if plaintiff is not able to amend his complaint he will have to bring a separate declaratory action. Dkt. # 31, at 1-2. Defendant opposes plaintiff's motion, arguing that plaintiff did not follow proper procedure, that the motion is untimely, and that granting the motion would result in undue prejudice to defendant. Dkt. # 30, at 1.

Plaintiff's motion is untimely by nearly eight months. Plaintiff's excuse is that his lawyers just discovered a law that has been on the books for over thirty years. See S.B. 797, 69th Leg., Reg. Sess., ch. 959, § 1 (Tex. 1985). Failure to conduct legal research earlier in the litigation process is not good cause for an untimely amendment. See, e.g. Colo. Visionary Acad., 194 F.R.D. 684, 688 (D. Colo. 2000); see also Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005) ("In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend.").

Furthermore, amendment to add a claim for declaratory judgment would be futile. "The purpose of the Declaratory Judgments Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tanglewood Homes Ass'n, Inc. v. Feldman, 436 S.W.3d 48, 65 (Tex. App. 2014). Plaintiff asserts that "[t]he declaratory judgment action would only allow the Plaintiff to have a hearing and get a judicial determination of damages sustained by the Plaintiff in his underlying personal injury claim." Dkt. # 31, at 2. Plaintiff has already alleged claims that will require the determination of damages. It is unclear what damages

plaintiff believes will not be settled in plaintiff's breach of contract claim that must be determined in a separate claim or action declaring damages under his contract with defendant. Thus, plaintiff's motion is not only inexcusably untimely, but also unnecessary.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Dkt. # 28) is **denied**.

**DATED** this 14th day of November, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4